IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

ROSCOE R. MCWILLIAMS, JR., et al., )
                                                           )
          Plaintiffs, )
                                  ) Cause No. 14SL-CC00855
v. )
                                  ) Division No. 41
J.P. MORGAN CHASE BANK, NATIONAL )
ASSOCIATION, et al., )
                                  )
          Defendants. )

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S
MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' PETITION FOR FAILURE TO STATE A CLAIM**

Pursuant to Missouri Rule of Civil Procedure 55.27(a), Defendant JPMorgan Chase Bank, N.A. ("Chase Bank" or "Defendant"), respectfully moves this court for dismissal of the Petition for Wrongful Foreclosure and Verified Petition for Injunctive Relief ("Petition") of Plaintiff Roscoe R. McWilliams and Emma Jean McWilliams (collectively, "Plaintiffs") for failure to state a claim upon which relief can be granted.

Plaintiff's Petition contains two counts--wrongful foreclosure (Count I) and injunctive relief (Count II)--and requests damages in the approximate amount of $107,416.13 as well as an order enjoining the foreclosure sale allegedly scheduled for February 11, 2014. Both Plaintiffs' claims fail. Count I fails because the non-judicial foreclosure has not been conducted, and no cause of action for attempted wrongful foreclosure exists under Missouri law. Count II must be dismissed because Plaintiffs' request for relief is moot, Plaintiffs cannot demonstrate a likelihood of success on the merits of their claims, and Plaintiffs did not comply with the statutory requirements to make a claim for injunctive relief.

1

## FACTS

Plaintiff Roscoe R. McWilliams, Jr. ("Borrower") alleges that on or about September 28, 2006, he executed a deed of trust (the "DOT") for the purchase of real property commonly known as 6871 Parc Charlene, Florissant, MO 63033 (the "Property"). Petition, at ¶ 1. Plaintiffs allege that Plaintiff Emma Jean McWilliams was not a party to the subject note (the "Note"). *Id.*, at ¶ 5. Plaintiffs admit that at all relevant times Chase Bank was the holder of the Note. *Id.*, at ¶ 3. Plaintiffs do not attach a copy of the DOT to their Petition. *See generally* Petition.

Plaintiffs dispute whether a default of the DOT occurred, but allege that a Sheriff's Sale is scheduled for February 11, 2014. Petition, at ¶ 6-8. Plaintiffs do not contest the appointment of South & Associates, P.C. as Successor Trustee (*id.*, at ¶ 2), but claim that the scheduled Sheriff's Sale was improper and unlawful because Borrower "was at no time delinquent regarding payment pursuant to the [Note]." *Id.*, at ¶ 9.

On April 14, 2014, the Court set a hearing on Plaintiffs' motion for a preliminary injunction for May 20, 2014.

## LEGAL STANDARD

Defendant files its Motion pursuant to Rule 55.27(a)(6) because Plaintiff fails to state a claim upon which relief can be granted. A motion to dismiss tests the adequacy of the petition. To state a claim under Missouri law, a plaintiff must plead the "ultimate facts" of his case. *M&H Enter. v. Tri-State Delta Chem., Inc.*, 984 S.W.2d 175, 181 (Mo. Ct. App. 1998). In construing a motion to dismiss, the court must presume that all of a plaintiff's allegations are true and decide whether the allegations "invoke principles of substantive law entitling the party to relief." *Williams v. Belgrade State Bank*, 953 S.W.2d 187, 189 (Mo. Ct. App. 1997). However, mere conclusions not supported by factual allegations are not admitted, cannot be taken as true, and

2

4303844.2

must be disregarded in determining whether a petition states a claim or not. *See, e.g., Solberg v. Graven*, 174 S.W.3d 695, 698 (Mo. Ct. App. 2005); *Prenger v. Baumhoer*, 914 S.W.2d 413, 415 (Mo. Ct. App. 1996). Thus, where a petition fails to state *facts* essential to recovery, a motion to dismiss is properly granted. *Berkowski v. St. Louis City Bd. of Election Comm'rs*, 854 S.W.2d 819, 823 (Mo. Ct. App. 1993) (emphasis added). Here, Plaintiffs have failed to set forth any facts that would entitle them to recovery, and Counts I and II should be dismissed for failure to state a claim.

## ANALYSIS

Plaintiff fails to state a claim against Chase – in his attempt to forestall eviction after Chase purchased the property at a foreclosure sale after Plaintiff failed to make his monthly note payments.

### I. COUNT I MUST BE DISMISSED BECAUSE MISSOURI DOES NOT RECOGNIZE A CLAIM FOR ATTEMPTED WRONGFUL FORECLOSURE

In Count I, Plaintiffs seek money damages for a "wrongful foreclosure" claim. However, the foreclosure sale has not been held, and Missouri does not recognize a claim for *attempted* wrongful foreclosure. Therefore, Count I must be dismissed for failure to state a claim.

Under Missouri law, there is no cause of action for attempted wrongful foreclosure. *Reese v. First Missouri Bank & Trust Co. of Creve Coeur*, 736 S.W.2d 371, 372 (Mo. 1987); *see also Killion v. Bank Midwest, N.A.*, 987 S.W.2d 801, 811 (Mo. Ct. App. 1998); *Millon v. JPMorgan Chase Bank, Na.*, No. 11-0410-CV-W-ODS, 2012 WL 1854785 (W.D. Mo. May 21, 2012). The Missouri Supreme Court expressly rejected such a cause of action, explaining:

> In our view, our authorizing a cause of action for wrongful attempted foreclosure would effectively nullify the purposes for having the expeditious non-judicial foreclosure of deeds of trust. If further provisions for delaying foreclosure of security instruments is to be made, we believe the legislature should make the decision.

3

4303844.2

> Our conclusion is compatible with the holdings of the large majority of the states recognizing nonjudicial foreclosure.

736 S.W.2d at 373.

Here, Plaintiffs' Petition alleges that the foreclosure sale was scheduled for February 11, 2014. Petition, at ¶ 7. That sale did not occur, as evidenced by the fact that the Court recently set a hearing on Plaintiffs' motion for a preliminary injunction for May 20, 2014. Because the foreclosure has not yet been conducted, Plaintiffs cannot state a claim for wrongful foreclosure. Further, Missouri does not recognize a cause of action for *attempted* wrongful foreclosure. *Reese*, 736 S.W.2d at 372. Therefore, Count I must be dismissed for failure to state a claim.

## II. PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF (COUNT II) IS MOOT

Plaintiffs' prayer for injunctive relief is moot, and therefore Count II should be dismissed for failure to state a claim. As pled in their Petition, Plaintiffs seek to enjoin a foreclosure sale scheduled for February 11, 2014 – a date in the past[1]. Petition, at ¶ 6-8. Plaintiffs' claim cannot possibly succeed on Count II because they seek to enjoin an event that was scheduled in the past and did not occur.

A case is moot if a judgment can render no practical effect upon an existent controversy. *See State ex. rel. Chastain, et al. v. City of Kansas City*, 968 S.W.2d 232, 237 (Mo. Ct. App. 1998) (citing *Gilroy-Sims & Assoc. v. City of St. Louis*, 697 S.W.2d 567, 569 (Mo. Ct. App. 1985)). Courts do not decide questions of law "disconnected from the granting of actual relief." *Id.* Rather, courts are "confined in their judicial action to real controversies wherein the legal rights of parties are necessarily involved and can be conclusively determined[.]" *Corken, et al. v. Workman, et al.*, 98 S.W.2d 153, 155 (Mo. Ct. App. 1936).

---

[1] In fact, Plaintiffs' Petition was filed on March 17, 2014 – a month after this date.

Here, since the event that is sought to be enjoined was scheduled in the past and did not occur, this form of relief is unavailable to Plaintiffs and Count II must be dismissed. *See Paradise v. Midwest Asphalt Coatings, Inc.*, 316 S.W.3d 327, 330 (Mo. Ct. App. 2010).

### III. PLAINTIFFS FAIL TO STATE A CLAIM FOR INJUNCTIVE RELIEF

Plaintiffs fail to state a claim for injunctive relief in Count II for two additional reasons. ***First***, Plaintiffs cannot demonstrate a likelihood of success on the merits. ***Second***, Count II does not meet the statutory requirements of Mo. Rev. Stat. § 526.010, *et seq*. Therefore, Count II should be dismissed for failure to state a claim.

**A. Plaintiffs cannot demonstrate a likelihood of success on the merits.**

Count I of Plaintiffs' Petition seeks a preliminary and permanent injunction enjoining the trustee's sale of the Property. Petition, at ¶ 6. In order to show that they are entitled to injunctive relief, Plaintiffs must prove that: (a) irreparable harm will result if the injunction is not granted; (b) there is no adequate remedy at law; and (c) the right to be protected is a substantial one and the injury is not a small or technical one." *See Waldorf Investment Co. v. Farris*, 918 S.W.2d 915, 918 (Mo. Ct. App. 1996); *Snelling v. City of St. Louis, Dept. of Utilities—Water Division*, 897 S.W.2d 642, 646 (Mo. Ct. App. 1995). Plaintiffs have a heavy burden of proof: "[A]n injunction should be granted only if the right to relief is clear; and the court has a duty to consider the effect of an injunction on the parties." *Waldorf*, 918 S.W.2d at 918; *see also The Vikings, USA Bootheel Mo. v. Modern Day Veterans*, 33 S.W.3d 709, 711 (Mo. Ct. App. 2000) ("[i]njunctive relief is a harsh remedy to be used sparingly and only in clear cases"); *Community Title Co. v. Roosevelt Fed. Savings & Loan Assoc.*, 670 S.W.2d 895, 900 (Mo. Ct. App. 1984) (right to preliminary injunction must be shown by "clear proof"). A preliminary injunction should not be issued unless Plaintiffs prove they will succeed on the merits of their claims. *See State ex rel. Director of Revenue v. Gabbert*, 925 S.W.2d 838, 839 (Mo. 1996).

Plaintiffs have not demonstrated a likelihood of success on their substantive claim for "wrongful foreclosure." As stated above, the non-judicial foreclosure has not yet occurred, and Missouri does not recognize a cause of action for attempted wrongful foreclosure. *Reese*, 736 S.W.2d at 372. Therefore, Count I—Plaintiffs' only substantive count aside from the request for injunctive relief in Count II—fails as a matter of law. Plaintiffs cannot prove they will succeed on the merits of their claim, and therefore they are not entitled to the injunctive relief they seek. Count II should be dismissed for failure to state a claim.

**B.  Plaintiffs fail to meet the statutory requirements of a claim for injunctive relief.**

Plaintiffs also fail to state a claim for injunctive relief because Count II does not meet the statutory requirements of MO. REV. STAT. § 526.010, *et seq.* Section 526.070 requires Plaintiffs tender a bond in conjunction with a request for injunctive relief:

> **No injunction**, unless on final hearing or judgment, **shall issue in any case**, except in suits instituted by the state in its own behalf, **until the plaintiff**, or some responsible person for him, **shall have executed a bond** with sufficient surety or sureties to the other party, in such sum as the court or judge shall deem sufficient to secure the amount or other matter to be enjoined, and all damages that may be occasioned by such injunction to the parties enjoined, or to any party interested in the subject matter of the controversy, conditioned that the plaintiff will abide the decision which shall be made thereon, and pay all sums of money, damages and costs that shall be adjudged against him if the injunction shall be dissolved. In lieu of the bond the plaintiff may deposit with the court such sum, in cash, as the court may require, sufficient to secure such amounts.

MO. REV. STAT. § 526.070 (emphasis added).

Here, Plaintiffs do not allege that they have tendered any bond to the Court as required by Section 526.070. *See, generally,* Petition. Because Count II does not comply with the statutory requirements for a claim of injunctive relief, it should be dismissed for failure to state a claim.

6

4303844.2

## CONCLUSION

Plaintiffs fail to state a claim for wrongful foreclosure or injunctive relief. Count I must be dismissed because the non-judicial foreclosure has not been conducted, and no cause of action for attempted wrongful foreclosure exists under Missouri law. Count II must be dismissed because Plaintiffs' request for relief is moot, Plaintiffs cannot demonstrate a likelihood of success on the merits of their claims, and Plaintiffs did not comply with the statutory requirements of a claim for injunctive relief. Therefore, the Court should dismiss both counts against Chase Bank, with prejudice.

Dated: April 17, 2014

Respectfully submitted,

BRYAN CAVE LLP

By: /s/ Rhiana A. Luaders
Rhiana A. Luaders, #56539
Kate E. Hart, #61601
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone: (314) 259-2541
Facsimile: (314) 552-5541
rhiana.luaders@bryancave.com
kate.hart@bryancave.com

*Attorneys for Defendant J.P. Morgan Chase Bank National Association*

4303844.2

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 17th day of April, 2014, a copy of the foregoing document was delivered, via U.S. Mail, postage prepaid, to the following:

Steve D. Brooks
MACARTHUR MOTEN, P.C.
3920 Lindell Blvd., Suite 200
St. Louis, Missouri 63108
Telephone: (314) 645-9500
Facsimile: (314) 645-9504

*Attorney for Plaintiffs*

/s/ Rhian Q. Juaders