UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ROSCOE R. MCWILLIAMS, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14-CV-768 (CEJ) |
| | ) | |
| J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion to dismiss filed by defendant J.P. Morgan Chase Bank National Association (Chase Bank) for failure to state a claim for relief. Plaintiffs have not filed a response and the time allowed for doing so has expired.

I.    **Background**

On March 17, 2014, plaintiffs, Roscoe McWilliams, Jr. and Emma McWilliams, filed this action in the Circuit Court for St. Louis County, Missouri, alleging wrongful foreclosure (Count I) and injunctive relief (Count II).

According to the complaint, Mr. McWilliams executed a Deed of Trust for the purchase of real property, legally known as Lot 9 of Parc Charlene, Plat 2. Chase Bank is the holder of the note. In 2009, Chase Bank claimed that Mr. McWilliams was in default on the loan. The default was recorded and a sheriff's sale was scheduled for February 11, 2014. In their complaint, plaintiffs allege that Mr. McWilliams was not in default and that the foreclosure was unlawful. Plaintiffs seek monetary damages and a court order enjoining the sheriff's sale.

## II. Discussion

In the instant motion, Chase Bank argues that "Count I fails because the non-judicial foreclosure *has not been conducted* and no cause of action for attempted wrongful foreclosure exists under Missouri law." <u>See</u> Doc. #6, at p. 1 (emphasis added). Chase Bank further argues that Count II fails because a court cannot "enjoin an event that was scheduled in the past and did not occur." <u>Id.</u> at pp. 1, 4 (emphasis added). Thus, the primary basis for Chase Bank's motion to dismiss is that "the foreclosure sale has not been held." <u>Id.</u> at pp. 3, 4.

However, the instant motion also contradictorily states that plaintiff "fails to state a claim against Chase – in his attempt to forestall eviction *after Chase purchased the property at a foreclosure sale* after Plaintiff failed to make his monthly note payments." <u>Id.</u> at p. 3 (emphasis added). Furthermore, in their notice of removal, Chase Bank states:

> Plaintiffs request money damages, costs, and an order enjoining the sale of the property. *Since the foreclosure sale has already been conducted*, Plaintiffs' current prayer for relief is moot. Because they sought to enjoin the foreclosure sale from occurring on the basis that Plaintiffs allegedly were no in [sic] default of the loan, they will no doubt seek to set aside the sheriff's sale.

[Doc. #8-1, ¶ 6] (emphasis added).

Because of the defendant's inconsistent statements regarding foreclosure proceedings with respect to the property at issue, the Court is unable to grant the motion.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss filed by defendant J.P. Morgan Chase Bank National for failure to state a claim for relief [Doc. #6] is **denied without prejudice**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of June, 2014.