UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSCOE R. MCWILLIAMS, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-768 (CEJ) |
| ) | |
| J.P. MORGAN CHASE BANK, NATIONAL ) ASSOCATION, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the first amended motion of defendant J.P. Morgan Chase Bank, N.A. to dismiss the complaint for failure to state a claim for relief, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have not filed a response, and the time allowed for doing so has elapsed.

**I.  Background**

Plaintiffs Roscoe McWilliams, Jr. and Emma McWilliams bring this action asserting a claim of wrongful foreclosure (Count I) and seeking injunctive relief (Count II).[1] According to the complaint, on September 28, 2006, Mr. McWilliams executed a note and deed of trust for the purchase of real property in St. Louis County, Missouri. Defendant J.P. Morgan Chase Bank, N.A. (Chase Bank) is the holder of the note. On September 25, 2009, Chase Bank claimed that Mr. McWilliams was in default on the loan. The default was recorded, and a sheriff's sale was scheduled for February 11, 2014. Defendant South & Associates, P.C. was appointed as successor trustee. In the complaint, plaintiffs allege that Mr.

---

[1] Plaintiffs filed this action in the St. Louis County Circuit Court. It was removed by defendant J.P. Morgan Chase Bank, N.A., pursuant to 28 U.S.C. §§ 1332 and 1446.

1

McWilliams was not in default. They seek monetary damages and an order enjoining the sheriff's sale.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also id. at 563 (stating the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

## III. Discussion

### A. Count I: Wrongful Foreclosure

Defendant argues that the complaint should be dismissed, because the non-judicial foreclosure was never conducted and no cause of action for attempted wrongful foreclosure exists under Missouri law. In the complaint, which was filed

2

on March 17, 2014, plaintiffs allege that a sheriff's sale was scheduled to take place approximately a month earlier, on February 11, 2014. However, neither in the complaint nor in the pleadings subsequently filed do plaintiffs allege that the sale actually occurred. The Missouri Supreme Court has clearly and unconditionally rejected attempted wrongful foreclosure as a cause of action. See Reese v. First Missouri Bank & Trust Co. of Creve Coeur, 736 S.W.2d 371 (Mo. banc 1987) ("In our view, our authorizing a cause of action for wrongful attempted foreclosure would effectively nullify the purposes for having the expeditious non-judicial foreclosure of deeds of trust. If further provisions for delaying foreclosure of security instruments is to be made, we believe the legislature should make the decision.").

Because plaintiffs have not alleged the actual occurrence of a foreclosure sale, Count I fails to state a claim.

### B. Count II: Injunctive Relief

Defendant also argues that the request for injunctive relief in Count II is moot. "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." Miller v. Mo. Dept. of Corr., 436 S.W.3d 692, 696 (Mo. Ct. App. 2014). Because the date on which the foreclosure sale was scheduled to take place has passed, the sale did not occur, and plaintiffs have not alleged any future scheduled sale, plaintiffs' claim for injunctive relief is moot.

Furthermore, in considering a request for injunctive relief, district courts must consider the threat of irreparable harm to the movant, the balance between

3

this harm and harm to the nonmoving party if relief is granted, the movant's likelihood of success on the merits, and the effect on the public interest. <u>Dataphase Sys., Inc. v. CL Sys., Inc.</u>, 640 F.2d 109, 113 (8th Cir. 1981). Because attempted wrongful foreclosure is not a recognized cause of action in Missouri, the foreclosure sale did not take place, and no future sale has been alleged, plaintiffs cannot demonstrate irreparable harm or a likelihood of success on the merits.

Moreover, plaintiffs have not met the statutory requirements of a claim for injunctive relief under Missouri law. Pursuant to Mo. Rev. Stat. § 526.070, "no injunction . . . shall issue in any case . . . until the plaintiff . . . shall have executed a bond with sufficient surety or sureties to the other party." Plaintiffs have not alleged they tendered any bond amount to secure the enjoined property.

Defendant South & Associates is not a party to the instant motion, nor has it filed an answer to the complaint. In its notice of removal, Chase Bank asserted that South & Associates was fraudulently joined as a defendant. Plaintiffs did not challenge the removal. The complaint only refers to South & Associates as the successor trustee. Plaintiffs do not allege that South & Associates violated any of its duties as trustee, nor do they allege that South & Associates breached the deed of trust. Because plaintiffs have alleged no facts to support a cause of action against South & Associates, the complaint will also be dismissed as to this defendant for failure to state a claim.

\* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant's first amended motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. #11] is **granted.**

4

An order of dismissal will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2015.